UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER E. LAITINEN, | |
| Plaintiff, | No. 2:23-CV-00332-SAB |
| v. | |
| DONALD J. TRUMP, | **ORDER DISMISSING COMPLAINT;** |
| Defendant. | **GRANTING LEAVE TO FILE** |
| | **AMENDED COMPLAINT** |

On November 15, 2023, Plaintiff filed her Complaint, ECF No. 1, and an Application to Proceed In Forma Pauperis, which was granted by separate order. ECF No. 5. Plaintiff is representing herself in this matter.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss the action if the Court determines the action is frivolous, malicious or fails to state a claim on which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000.

Plaintiff is suing former President Donald J. Trump. It appears, however, that the remedy she is seeking is to have the Court declare that he is ineligible to run for President because he participated in the January 6th insurrection to overturn the election.

January 9, 2024 is the deadline for each major political party to submit their final list of candidates. *See* https://www.sos.wa.gov/elections/voters/helpful-information/presidential-primary-faq (last visited November 29, 2023). It does not

**ORDER** ~ 1

appear any party has submitted their final list of candidates. *See* https://voter.votewa.gov/CandidateList.aspx?e=886&c= (last visited November 29, 2023). Thus, it is not a certainty at this point that Mr. Trump will be listed as a candidate for the March 12, 2024 Presidential Primary.

The judicial power of the federal courts is limited to "cases" or "controversies." U.S. Const., Art. III, sec. 2. As such, the Court is not permitted to issue advisory opinions nor declare rights in hypothetical cases. *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134 (9th Cir. 2000). Regardless of whether the relief sought is monetary, injunctive, or declaratory, in order for a case to be more than a request for an advisory opinion, there must be an actual dispute between adverse litigants and a substantial likelihood that a favorable federal court decision will have some effect. *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998).

Here, Plaintiff's Complaint concerns a hypothetical, as it is not certain that Mr. Trump will appear on the Washington presidential primary ballot. As such, the Court does not have subject matter jurisdiction over Plaintiff's Complaint, and it must be dismissed.

Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015). As such, Plaintiff will be given the opportunity to file an Amended Complaint that alleges sufficient fact to state a claim.

//
//
//
//
//
//

**ORDER** ~ 2

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, ECF No. 1, is **DISMISSED, without prejudice**.

2. Plaintiff is granted leave to file an Amended Complaint. The Amended Complaint must be filed on or before **January 3, 2024**. Failure to file an Amended Complaint will result in the dismissal of this action.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to Plaintiff and set a case management deadline accordingly.

**DATED** this 29th day of November 2023.



Stanley A. Bastian
Chief United States District Judge

ORDER ~ 3